JANE S. McWILLIE v. D. R. KINCHELOE.

1—This court reprehends and rebukes appeals by parties litigant to political considerations or prejudices.

ERROR from Wharton. Tried below before the Hon. James E. Sheppard.

There is no occasion to detail the facts further than they are disclosed in the opinion of the court.

The briefs in this cause have not reached the hands of the Reporter.

WALKER, J.—This suit was brought in 1861, against A. A. McWillie, then living, by Kincheloe, to enforce the payment of certain notes given by the defendant for the purchase money of certain land, on which the plaintiff held a mortgage to secure the notes. Pending the suit McWillie died, and his widow, the plaintiff in error, was made a party both in her own right and as administratrix of her deceased husband.

Plaintiff had commenced his suit by attachment, alleging the non-residence of the defendant. The attachment was dissolved, and the suit was dismissed as against Mrs. McWillie in her own right. The case was prosecuted to judgment, and an appeal was taken. There has been much trouble about filing the transcript, and in setting aside a judgment of the court confirming the judgment below. Plaintiff now asks damages for delay.

There may have been some grounds for skirmishing over this case, but we are without any statement of facts, such as we can recognize. The record is without index or an assignment of errors.

The plaintiff in error insists that popular prejudice ran strongly against her, because she was residing inside the Federal lines during the war, and that such prejudice had an influence upon the jury. We do not see just ground for the conclusion to which the lady arrives. Indeed, it would be a source of much congratulation to the country were all cases conducted with as little political prejudice. But this is matter of which this court will take no further notice than to rebuke every effort to appeal to our own prejudices. It is full time that all these unfortunate and lamentable troubles were sunk to oblivion, never to be heard of again among men.

The judgment of the District Court is affirmed.

Affirmed.